Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5057 | **DATE** | 3/22/2004 |
| **CASE TITLE** | F. Joseph Mackey vs. Wendy Mackey, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss [8-1] is granted. Defendants Wendy Mackey and Nicholas Keogh are dismissed for the complaint with prejudice. Case dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 3-23-04 date docketed | |
| | Notified counsel by telephone. | | | 18 |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 2004 MAR 22 PM 4:50 | 3/22/2004 date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| F. JOSEPH MACKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 C 5057 |
| | ) | Judge Joan H. Lefkow |
| WENDY MACKEY and | ) | |
| NICHOLAS KEOGH | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
MAR 2 3 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff, F. Joseph Mackey ("Joseph"), brings this law suit against Wendy Mackey and her son Nicholas Keogh (collectively referred to as "Wendy" or "Defendants") alleging that defendants wrongfully detained his property (Count I) and converted his property (Count II) in violation of Illinois common law. Plaintiff invokes the diversity jurisdiction of the court under 28 U.S.C. § 1332. Before the court is a motion by Wendy under Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss both counts of the Amended Complaint for lack of subject matter jurisdiction. For the reasons set forth below, the court grants the motion.

## STANDARDS FOR A MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(1) challenges the court's jurisdiction over the subject matter. U.S.C.S. Fed Rules Civ Proc R 12. The party seeking a federal forum bears the burden of establishing that jurisdiction is proper. *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995). When considering a motion to dismiss for lack of subject matter jurisdiction, all well-pleaded factual allegations of the complaint are accepted as true and any reasonable inference from those allegations shall be construed in the plaintiff's favor. *United*

*Transportation Union* v. *Western Railway Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996). The court may also look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue. *Capitol Leasing Co.* v. *Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993). Indeed, where the defendant challenges the plaintiff's factual allegations regarding federal jurisdiction, the plaintiff must support its assertion with "competent proof." *Rexford Rand Corp.* v. *Ancel*, 58 F.3d 1215, 1218 (7th Cir. 1995). Competent proof has been interpreted to mean a preponderance of the evidence or proof to a reasonable probability that jurisdiction exists. *NLFC, Inc.*, 45 F.3d at 237.

## ALLEGATIONS OF THE COMPLAINT

According to Joseph's Amended Complaint, which is taken as true for the purpose of this motion, on January 15, 2002, Mary Mackey, the mother of Joseph and Wendy, made a gift of all tangible property located in her California home to Joseph. (Am.Compl.¶ 8.) On April 30, 2002, Mary Mackey died and via two trusts, she bequeathed to Joseph the California home and the Toyota and Jaguar automobiles (the "Toyota" and "Jaguar") located at the California home. (*Id.* ¶ 7, 9.) At all times relevant to this action, defendants resided at the California home and did not vacate the home until June, 2003. (*Id.* ¶ 10, 11.) Joseph's counsel instructed Wendy by letter dated May 30, 2003, that she was not to remove any of the tangible personal property from that home and that Joseph would let her keep the Jaguar only if she left the Toyota at the California house when she vacated the house in June, 2003. (*Id.* ¶ 11.) Despite this letter, Wendy sold or otherwise disposed of the Toyota without Joseph's authorization. (*Id.* ¶ 12.) When defendants left the California home, they took many items of tangible personal property as well as the Jaguar. (*Id.* ¶ 13.)

## DISCUSSION

Wendy moves to dismiss Joseph's complaint on three grounds. First, Wendy contends that the court lacks subject matter jurisdiction because the case falls within the probate exception to federal diversity jurisdiction. Second, Wendy contends that the amount in controversy fails to satisfy the requirements for diversity jurisdiction. Third, Wendy requests that the court dismiss the complaint under the doctrine of abstention. Because the court dismisses the compliant against Wendy with prejudice based on the probate exception to federal diversity jurisdiction, it does not consider the other two grounds for dismissal.

Under the probate exception, a federal court lacks diversity jurisdiction over cases involving probate matters. *Storm v. Storm*, 328 F.3d 941, 943 (7th Cir. 2003). The probate exception is a judicial creation that is a well-established feature of the federal court system. *Dragan v. Miller*, 679 F.2d 712, 713 (7th Cir. 1982). The precise scope of the probate exception has not been clearly defined but courts have traditionally construed the exception narrowly. *Georges v. Glick*, 856 F.2d 971, 973 (7th Cir. 1988).

The probate exception is rather easily applied to matters directly related to probate. *Storm*, 328 F.3d at 943. It has long been settled that "a federal court has no jurisdiction to probate a will or administer an estate." *Markham v. Allen*, 326 U.S. 490, 494 (1946). In this case, neither party contends that the court is being asked to directly probate the will or administer the estate of Mary Mackey and therefore the probate exception does not apply in this regard. The application of the probate exception is more difficult in matters that are indirectly related to probate. *Storm*, 328 F.3d at 943. Federal court diversity jurisdiction over probate related matters is proper "so long as the federal court does not *interfere with the probate proceedings* or assume

3

general jurisdiction of the probate or control of the property in the custody of the state court." *Markham*, 326 U.S. at 494 (emphasis added).

The question presented here is whether the court, by maintaining jurisdiction over this case, is effectively interfering with the state probate proceeding. Wendy contends that the court will interfere with the probate proceedings because the court must construe Mary Mackey's trusts to reach a final judgment in this case and that judgment will have a direct effect on the distribution of the residue of her estate. Mary Mackey's Trust No. 1 provides for the residue of her estate to be disbursed equally among the beneficiaries, taking into account all property previously disbursed by gift or by trust. A final judgment in this case will determine the value of certain gift and trust property which will in turn affect how the probate court distributes the residue of Mary Mackey's estate to Wendy and Joseph.

Joseph contends that the court will not interfere with the probate proceedings because a final judgment in this case will leave Mary Mackey's estate undisturbed. In other words, if the court finds in favor of Joseph, then property will pass from Wendy to Joseph. If the court finds in favor of Wendy, then she will retain her property. Under either scenario, the estate of Mary Mackey will not be affected.

The Seventh Circuit has established that a federal court interferes with a probate proceeding if the case before it is deemed to be "ancillary" to that proceeding. *Rice v. Rice*, 610 F.2d 471, 475-76 (7th Cir. 1979). To determine if a particular case is ancillary to a probate proceeding, the court must consider whether, by allowing the case to be maintained in federal court, the policies that form the bases for the probate exception would be impaired. *Storm*, 328 F.3d at 944; *Dragan* 679 F.3d at 715-16.

One policy underlying the probate exception is the promotion of judicial economy. *Storm*, 328 F.3d at 944. If the probate proceeding begins in state court, judicial economy argues for keeping it there until it is concluded. *Id.* This prevents federal courts from duplicating the work of state courts and avoids the piecemeal or haphazard resolution of a decedent's estate. *Id.*

Here, the policy of judicial economy would be impaired if the court maintained federal diversity jurisdiction over the case for three reasons. First, the court would be performing the same functions as the probate court because, for Joseph to be successful on either of his claims, this court must construe the trusts of Mary Mackey and find that Joseph is the rightful owner of the Toyota and Jaguar automobiles.

Second, this case would cause a piecemeal resolution of Mary Mackey's estate because the final judgment would in turn impact the probate court's disbursement of the residue of her estate. The Fifth Amendment to Trust No. 1 states,

> the value of each share will depend upon the value of gifts received from and outside of Trust No. 1, so that the beneficiary...of each share will receive total property of equal value from all sources, by reason of my death.

If the court maintains jurisdiction over this case, it will have to determine what was included in the gift of personal property in the California home and the value of that gift. Subsequently, the state probate court will have to take into consideration the final judgment in this case in order to disburse the residue of Mary Mackey's estate in accordance with her testamentary intent.

Third, Joseph has filed two additional lawsuits in state probate court regarding the estate of Mary Mackey. One lawsuit seeks to determine the ownership of a watch collection and has been filed against the very same Defendants that appear in this case. The other lawsuit relates to the proper apportionment of estate taxes. "Where state courts are already familiar with the

5

litigation before the district court and the federal suit is intertwined with state court proceedings, the district court may properly decline to exercise its jurisdiction. *Rice*, 610 F.2d at 478. Here, the policy of judicial economy would be impaired if the court maintained federal diversity jurisdiction because the resources of the state and federal court systems would not be properly preserved and Mary Mackey's estate would be subjected to a piecemeal resolution.

Another policy bases for the probate exception has been referred to as "relative expertness." *Storm*, 328 F.3d at 944. That is, state probate court judges may have more experience in adjudicating probate matters due to their nearly exclusive jurisdiction over probate matters. *Id.* In Illinois, this line of reasoning is less significant because the state courts are courts of general jurisdiction. *see Dragan*, 679 F.2d at 715. However, when probate-like matters are at issue, state courts vested with probate jurisdiction are much more familiar with the factual and legal issues involved than are federal courts. *Storm*, 328 F.3d at 947. In this case, determinations as to what property was included in the gift and whether Joseph is the rightful owner of the automobiles are best left to the probate court not only because of their greater experience with these types of issues but also due to the other lawsuits that are pending regarding similar disputes relating to the estate of Mary Mackey.

A final reason for the probate exception is the promotion of legal certainty in regard to the probate of a decedent's will or administration of a decedent's estate. *Dragan*, 679 F.2d at 714. The probate exception helps ensure that the resolution of probate disputes will be consistent by limiting their litigation to state courts. *Storm*, 328 F.3d at 944. In pursuit of this goal, federal courts will look past the label of an action and examine the practical effect the action would have if it succeeded. *Id.* (citing *Dragan*, 679 F.2d at 715-16).

6

In this case, the claims of detinue and conversion can be brought in either state or federal court. As noted above, for Joseph to be successful on either of these claims the court must construe the trusts of Mary Mackey and find that Joseph is the rightful owner of the automobiles. The practical effect of Joseph filing these claims in federal court is the circumvention of the state probate proceedings. To promote legal certainty in the resolution of Mary Mackey's estate, these claims should be filed in the state probate court along with the other pending litigation.

In opposition, Joseph relies in part on *Markham*, noting that the Supreme Court upheld federal jurisdiction under circumstances that related more directly to the probate proceedings than those of the instant case. *Markham* involved a dispute between two parties claiming legal right to the entire net estate of the decedent. *Markham*, 326 U.S. at 492. The decedent's heirs-at-law, who received nothing under the decedent's Will, petitioned in state court to prohibit the beneficiaries under the Will from receiving the estate pursuant to a state statute prohibiting intestate inheritance by alien, non-resident heirs. *Id.* The successor-in-interest to the beneficiaries under the Will then filed a federal action for a declaration that the heirs-in-law had no interest in the estate. *Id.* The Supreme Court upheld the federal district court's jurisdiction to render its judgment that the heirs-in-law had no rights or interest in the estate and that the successor-in-interest to the Will beneficiaries was entitled to receive the net estate upon completion of probate administration. *Id.* at 493, 496. The Court reasoned that "the effect of the judgment was to leave undisturbed the orderly administration of decedent's estate in the state probate court and to decree the petitioner's right in the property to be distributed after its administration." *Id.* at 495.

Unlike *Markham*, this case requires the court to perform probate court functions, namely construing Mary Mackey's trust. By the operation of collateral estoppel and res judicata, any final determinations by this court concerning Mary Mackey's trust would be binding on the state probate court. The Second Circuit has interpreted *Markham* to support the conclusion that a federal court interferes with a concurrent probate proceedings if its judgment would supplant the functions of the state probate court. *Moser v. Pollin*, 294 F.3d 335, 343 (2nd Cir. 2002). Therefore, *Markham* supports the finding that the probate exception should apply in this case.

In summary, this court finds that the policies that form the bases of the probate exception would be impaired by maintaining jurisdiction over this case. Therefore, the case is considered to be ancillary to the probate proceedings and falls within the scope of the probate exception to federal diversity jurisdiction.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is granted [# 8]. Wendy Mackey and Nicholas Keogh are dismissed from the complaint with prejudice.

ENTER: _____
JOAN HUMPHREY LEFKOW
United State District Judge

Dated: March 22, 2004